IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

JANENE SANDERS                                                                               PLAINTIFF

V.                                              4:23CV00904 JM

WAL-MART STORES EAST, LP
WALMART INC                                                                                 DEFENDANTS

### ORDER

Before the Court is Defendants' motion to dismiss. Plaintiff has responded and the Defendants have replied.

I.      Facts[1]

Plaintiff Janene Sanders is a former employee of Wal-Mart Stores East, LP and Walmart Inc. (collectively the "Defendant"). She worked for Defendant from 2015 until June 2023. Plaintiff alleges that she was subject to disparate treatment, retaliation, a hostile work environment, and constructive discharge during her employment with Defendant based upon her race in violation of 42 U.S.C. § 1981.  Plaintiff states that she applied for seventeen (17) "positions" with Defendant, and in several cases, Defendant hired lesser qualified Caucasian applicants instead of her. She claims that when she was finally moved into the Put Order Filling Department, she was not given a pay raise while Caucasian employees who were moved to the Department were given pay raises. Plaintiff alleges that her Caucasian subordinates were belligerent and disrespectful to her based on her race. Although Plaintiff reported the treatment, Defendant did not take any action to correct the behavior. Plaintiff claims that she was subjected to unwelcome racially harassing conduct including an occasion when a co-worker fashioned a

---

[1] For purposes of this motion, the facts are taken from the Complaint.

rope into a noose and attempted to place it around Plaintiff's neck. She alleges that shortly after she complained to Defendant's Human Resources Manager Melody Shoptaw in 2021 about the disparate treatment Shoptaw retaliated against her by disciplining Plaintiff for the first time in Plaintiff's tenure with Defendant. She was disciplined again after making two more complaints about harassing treatment. She alleges that she was treated unfairly when she took medical leave from her position and placed in more difficult job when she returned in retaliation for her complaints about discrimination.

II.     Standard for Motion to Dismiss

To survive a Rule 12(b)(6) motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). Although "specific facts are not necessary," the plaintiff must allege facts sufficient to "give fair notice of what the ... claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. 544, 555 (2007)). A plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. A complaint "must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Id*. at 562. This standard "simply calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim or element]." *Id.* at 556. The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his claim." *Id.*

The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint. When considering a Rule 12(b)(6)

motion, the Court must assume the factual allegations of the complaint to be true and construe them in favor of the plaintiff. *Neitzke v. Williams*, 490 U.S. 319, 326–27 (1989). The Court is not bound to accept as true a legal conclusion couched as a factual allegation. *Twombly*, 550 U.S. at 555.

    A. <u>Statute of Limitations</u>

Defendant argues that Plaintiff's §1981 failure-to-promote claims are barred by the statute of limitations. Section 1981 does not provide a statute of limitations.

Section 1981 provides in part that "[a]ll persons,,, shall have the same right . . . to make and enforce contracts ... as is enjoyed by white citizens." *Patterson v. McLean Credit Union*, 491 U.S. 164 (1989).

> The "right ... to make ... contracts" extends only to the formation of a contract, such that § 1981's prohibition encompasses the discriminatory refusal to enter into a contract with someone, as well as the offer to make a contract only on discriminatory terms. That right does not extend to conduct by the employer after the contract relation has been established, including breach of the contract's terms or the imposition of discriminatory working conditions. Id. at 165. Prior to 1991, racial harassment relating to the conditions of employment were not actionable under 1981.

*Id.* at 165. "In 1991, however, Congress responded to *Patterson* by adding a new subsection to § 1981 that defines the term 'make and enforce contracts' " to include the "termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981(b)." *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 373, (2004).

Section 1981 does not provide a statute of limitations. Before Congress passed 28 U.S.C. § 1658 providing a "catch all" statute of limitations, federal courts applied the most appropriate state statute of limitations to claims arising under 42 U.S.C. § 1981. However, that catch all statute of limitations was not retroactive. In other words, if a § 1981 cause of action was

available before December 1, 1990, it is subject to the "old rules:" federal courts apply the most appropriate state statute of limitations to the § 1981 claim. If the § 1981 cause of action was made available by the 1991 amendment to § 1981, then is it subject to the 4-year catch all statute of limitations.

The critical question, then, is whether Plaintiff's failure to promote claims arose under the pre-1990 version of § 1981 or the post-1990 version. If her failure to promote claim is more akin to a failure to hire claim i.e "rises to the level of an opportunity for a new and distinct relation between the employee and the employer," the claim arose under the pre-1990 version of 1981 and is subject to the one-year Arkansas Civil Rights Act statute of limitations. If her failure to promote claim is a continuation of the employment relationship, the claim is subject to the four-year statute of limitations. The Court finds that there is not enough information in the record to determine the applicable statute of limitations governing Plaintiff's failure to promote claims.

B. Failure to State a Claim

In her Complaint, Plaintiff states three causes of action under § 1981: 1) disparate treatment; 2) hostile work environment; 3) retaliation and 4) constructive discharge.[2] Defendant contends that Plaintiff has failed to allege sufficient facts to support any these causes of action. For the reasons stated in the Defendant's brief, the Court agrees. Instead of dismissing Plaintiff's discrimination claims outright, however, the Court will give Plaintiff thirty days leave to amend the Complaint so that it fulfills the minimum pleading requirements of Federal Rule of Civil Procedure 8(a)(2).

---

[2] Although Plaintiff does not specifically set out a cause of action for constructive discharge, Plaintiff alleges that she was forced to resign, and "[i]n essence, the plaintiff was constructively discharged from her employment with the defendant." (Complaint at ¶ 107). Therefore, the Court deems that Plaintiff has plead a constructive discharge cause of action.

III.    Conclusion

Defendant's motion to dismiss (ECF No. 2) is DENIED as to Plaintiff's §1981 failure to promote claims based on the statute of limitations. The Court grants Plaintiff thirty (30) days leave from the date of this Order to amend her Complaint to provide sufficient facts in support of her claims.

IT IS SO ORDERED this 27th day of June, 2024.

_____
James M. Moody Jr.
United States District Judge