IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**JANENE SANDERS**                                                                                     **PLAINTIFF**

V.                                              4:23CV00904 JM

**WAL-MART STORES EAST, LP**
**WALMART INC**                                                                                          **DEFENDANTS**

## ORDER

Before the Court is Defendants' motion to dismiss the Amended Complaint. Plaintiff has responded and the Defendants have replied.

I.   Facts[1]

Plaintiff Janene Sanders is a former employee of Wal-Mart Stores East, LP and Walmart Inc. (collectively the "Defendant"). She worked for the Defendant from 2015 until June 2023. Plaintiff alleges that she was subject to disparate treatment, retaliation, a hostile work environment, and constructive discharge during her employment with the Defendant based upon her race in violation of 42 U.S.C. § 1981.  In this motion to dismiss, the Defendant contends that Plaintiff's claims should be dismissed under Rule 12(b)(6) for failure to state a claim.

II.   Standard for Motion to Dismiss

To survive a Rule 12(b)(6) motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). Although "specific facts are not necessary," the plaintiff must allege facts sufficient to "give fair notice of what the ... claim is and the grounds upon which it rests." *Erickson v. Pardus*,

---

[1] For purposes of this motion, the facts are taken from the Amended Complaint.

551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. 544, 555 (2007)). A plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. A complaint "must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Id*. at 562. This standard "simply calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim or element]." *Id.* at 556. The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his claim." *Id.*

The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint. When considering a Rule 12(b)(6) motion, the Court must assume the factual allegations of the complaint to be true and construe them in favor of the plaintiff. *Neitzke v. Williams*, 490 U.S. 319, 326–27 (1989). The Court is not bound to accept as true a legal conclusion couched as a factual allegation. *Twombly*, 550 U.S. at 555.

    III.    <u>Analysis</u>

A. Disparate Treatment

In the Amended Complaint, Plaintiff alleges that she applied for and was denied seventeen (17) promotional opportunities. Plaintiff alleges that she applied for a Human Resources Manager position on February 2, 2019 and was denied the opportunity to be promoted when "the defendant selected a less qualified white applicant." (Am. Comp., ECF No. 13 at ¶ 13). On September 2, 2020 and January 28, 2023 Plaintiff applied for OPS Manager positions but the positions were given to less qualified white employees. *Id.* at ¶¶ 17, 18, and 66. However,

as to the remaining fourteen (14) promotion opportunities which Plaintiff applied for, she does not state that the Defendant gave the positions to white applicants. Those fourteen (14) claims must be dismissed because Plaintiff has not stated plausible failure to promote/disparate treatment claims as to them.

In addition to the failure to promote claims, Plaintiff states that when she was "finally able to go into the Put Order Filling Department," she was not given a raise, was under scrutiny, and her work activities were monitored. Plaintiff alleges that white employees were not subject to this treatment when moved to the Put Order Filling Department. Although tenuous, the Court finds that Plaintiff has stated sufficient facts to support her claim for disparate treatment.

B. Retaliation

Plaintiff alleges that she was retaliated against after she complained to Melody Shoptaw, Defendant's Human Resource Manager, in April 2021 that she believed she was being passed over for promotions because of her race and after she filed a written complaint about racial harassment with Defendant in December 2021. To state a claim for retaliation under 42 U.S.C. § 1981, a plaintiff must prove (1) she engaged in protected activity; (2) she suffered a materially adverse employment action; and (3) the materially adverse action was causally connected to the protected activity. *Wright v. St. Vincent Health Sys.*, 730 F.3d 732, 737 (8th Cir. 2013)

Plaintiff alleges that after her first complaint to Shoptaw, she received her first disciplinary write-up in her career which resulted in a Step 1 disciplinary, and she was not supported by management when she informed Shoptaw about the disrespectful behavior of her employee, Bobby Robertson.  She alleges that the Defendant allowed white employees to treat Plaintiff with disrespect.

3

Eight months after her complaint to Shoptaw, Plaintiff submitted a written complaint about conduct she found to be racially harassing including being referred to as a spider monkey and a token, having a snake placed on her desk, references to cracking a whip, and a coworker attempting to place a noose around her neck. A few weeks later Plaintiff received a second write-up which was initially categorized as a Level 3 disciplinary and later downgraded to a Level 2. Plaintiff was also place on a Performance Improvement Plan.

Plaintiff took FMLA leave from September 2022 until April 2023. When she returned, her position with the Defendant was no longer available and she was required to re-apply for an open position. She applied for an operations manager position, but it was not awarded to her. Plaintiff alleges that the Defendant knowingly placed her in a shipping manager position which was too physically demanding for her. She states that she was unable to do the work because of health considerations, and she was constructively discharged.

Plaintiff alleges that these actions were taken by the Defendant in retaliation for Plaintiff's complaints of racial discrimination. The Court finds that Plaintiff has stated sufficient facts to support her claim for retaliation under § 1981.

C. Hostile Environment

In order to establish a hostile work environment claim under § 1981, a plaintiff must demonstrate that "(1) they belong to a protected group, (2) they were subjected to unwelcome racial harassment, (3) the harassment was because of their race, and (4) the harassment was sufficiently severe or pervasive so as to affect a term, condition, or privilege of [their] employment." *Ellis v. Houston*, 742 F.3d 307, 319 (8th Cir. 2014) (internal citation omitted). The facts which support Plaintiff's claims for disparate treatment and retaliation are also sufficient to support her claim for hostile work environment at this point in the case.

II.     Conclusion

Defendant's motion to dismiss (ECF No. 14) is GRANTED in part and DENIED in part. The motion is granted as to Plaintiff's failure to promote claims with the exception of the Human Resources Manager position which Plaintiff applied for on February 2, 2019, and the OPS Manager positions which Plaintiff applied for on September 2, 2020 and January 28, 2023. Defendant's motion is denied as to Plaintiff's claims for retaliation and hostile work environment.

IT IS SO ORDERED this 30th day of October, 2024.

_____
James M. Moody Jr.
United States District Judge